1122

Mary Jane HICKMAN, Respondent v.
The SEXTON CLINIC, P.A., Appellant.
(367 S. E. (2d) 453)

Court of Appeals

*John S. Wilkerson, III,* and *Elbert S. Dorn,* both of *Turner, Padget, Graham & Laney, P.A.,* Columbia, *for appellant.*

*Daryl J. Corbin,* of *Law Offices of Daryl J. Corbin,* Florence, *for respondent.*

Heard Feb. 16, 1988.

Decided March 25, 1988.

GARDNER, Judge:

Mary Jane Hickman (Hickman) sued The Sexton Dental Clinic, P.A., (the clinic) for dental malpractice. From a verdict for Hickman, the clinic appeals. We affirm.

The issues of merit are (1) whether the trial judge erred by denying a motion for a mistrial after a statement by Hickman's attorney during the opening statement relating to unauthorized persons taking impressions and after statements elicited by Hickman's attorney during cross-examina-

tion and further in not making curative instructions, (2) whether the trial court erred in ruling that the issue of negligence could be resolved by the jurors based on their common knowledge and experience and (3) whether there is any evidence providing a reasonable factual basis for the jury's finding of negligence and dental malpractice.

On appeal from a jury verdict, the evidence and all inferences reasonably deducible therefrom must be viewed in a light most favorable to the party for whom the verdict is returned. An appellate review is limited to determination of whether there is any evidence reasonably supporting the verdict of the jury. *McPeters v. Yeargin Const. Co., Inc.*, 290 S. C. 327, 350 S. E. (2d) 208 (Ct. App. 1986).

Viewing the evidence in a light most favorable to Hickman, the record reflects that she came into the clinic to be examined and prepared for dentures; she was familiar with the procedure, having been to the clinic twice before for the same purpose. A dental assistant, unsupervised by a dentist and without a dentist being in the room, brusquely proceeded without explanation to her to ram something sharp into Hickman's mouth, causing pain, cutting her under her tongue and necessitating stitches. By her complaint she alleges that the clinic was negligent in the following specifications: (a) in improperly inserting a mold device into her mouth, (b) in failing to take proper time and precautions necessary to protect her while inserting the mold device into her mouth, (c) in using improperly trained personnel to treat and take care of her.

First, we address the issue of whether the trial court erred by not declaring a mistrial or making curative instructions.

Section 40-15-70, Code of Laws of South Carolina (Supp. 1987), defines the term "dentist" or "dental surgeon" as meaning one who, *inter alia*, takes impressions of a patient's mouth. Section 40-15-100, Code of Laws of South Carolina (1976), declares it unlawful for any person to engage in the practice of dentistry without a license from the Board, except as otherwise provided. Section 40-15-320, Code of Laws of South Carolina (1976), provides that nothing in the applicable section precludes a certified or qualified dental assistant or licensed dental hygienist from taking impressions for dental study casts under the direct supervision of a

licensed dentist present on the premises. The trial judge ruled that these laws pertaining to the taking of dental impressions by persons unlicensed in the field of dentistry, or any reference thereto, would be excluded and inadmissible.

During his opening statement, Hickman's counsel allegedly alluded to these rules by saying that the work was done by an assistant "instead of the dentist taking the impression, a dental assistant who is not licensed to take that impression. . . ." The trial judge made no curative charge. Later, during cross-examination, Dr. Tepper, the clinic dentist who treated Hickman, testified as follows:

> Q. (By Hickman's counsel) Dr. Tepper, is it proper for dental assistants to take impressions?
> A. No, sir.
> Q. Why do you say that?
> A. Because there is a law.
> Q. What law is that?
> A. There is a dental law.
> Q. What is that—

We find no error. Hickman alleged among her specifications of negligence that the clinic was negligent in using improperly trained personnel to treat and take care of her. The record indicates that Hickman's attorney made no reference in his opening statement to statutory law making it unlawful for an unauthorized person to take impressions or to any of the other statutes which the trial judge excluded; nor did Hickman's attorney seek to introduce the statutes or have them charged to the jury.

As to the answer of Dr. Tepper to the effect that it was unlawful for a dental assistant to take impressions, we hold that this was a voluntary statement by Dr. Tepper, the clinic's witness, and the objection was properly overruled by the trial judge.

Whether the clinic was negligent in using improperly trained personnel to treat and take care of Hickman as alleged was an issue of the case; therefore, the questions concerning the propriety of having dental assistants take impressions were appropriate since they were pertinent to the standard of care to which the clinic should be held.

Next, we address the issue of whether the trial judge erred by submitting to the jury the question of whether the common knowledge exception to the rule of requiring presentation of expert testimony by a plaintiff in a malpractice action was applicable to this case.

In medical malpractice actions, the plaintiff must use ■ expert testimony to establish both the required standard of care and the defendant's failure to conform to that standard *unless* the subject matter lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant. *Pederson v. Gould*, 288 S. C. 141, 341 S. E. (2d) 633 (1986). Where the evidence permits the jury to recognize or infer a breach of duty without the aid of expert testimony, such testimony is not required in order for the case to go to the jury. *Stallings v. Ratliff*, 292 S. C. 349, 356 S. E. (2d) 414 (Ct. App. 1987).

The application of the common knowledge exception ■ in proving negligence in a case involving medical malpractice depends on the particular facts of the case. *Sharpe v. South Carolina Department of Mental Health*, 292 S. C. 11, 354 S. E. (2d) 778 (Ct. App. 1987). When expert testimony is not required, the plaintiff must offer evidence that rises above mere speculation or conjecture. *Welch v. Whitaker*, 282 S. C. 251, 317 S. E. (2d) 758 (Ct. App. 1984). And, where the evidence permits the jury to recognize or infer a breach of duty without the aid of expert testimony, such testimony is not required in order for the case to go to the jury. *Stallings v. Ratliff, supra.*

We hold that the evidence presented in this case was ■ sufficient to permit the jury to recognize or infer without the aid of expert testimony a breach of duty by the clinic to Hickman. Hickman's testimony that an unsupervised dental assistant rammed a sharp object into her mouth is evidence rising above mere speculation or conjecture that the clinic failed to exercise due care in rendering professional services.

Furthermore, the following testimony of Dr. Tepper, the clinic dentist, is, we think, pertinent to the issue of the common knowledge exception:

Q. You also stated that you have taken I believe thousands?

A. Probably more than that.

Q. Of impressions?

A. Yes, sir.

Q. This never happened before?

A. No, sir, not a laceration.

Q. Would it be safe and accurate to say that if someone's mouth were to be cut during the impression process, someone did something wrong?

A. Yes, sir.

Applying the applicable law to the facts of this case considered in a light most favorable to the plaintiff and as recounted herein, we find no error in the trial judge's having submitted the case to the jury under the common knowledge exception. And we so hold.

■ Finally, there is sufficient evidence of record to support the verdict. And we so hold.

For the reasons stated, the appealed judgment is affirmed.

Affirmed.

SANDERS, C. J., and BELL, J., concur.