# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Patricia Brouwer, Appellant,

v.

Sisters of Charity Providence Hospitals; South Carolina ENT, Allergy and Sleep Medicine, P.A.; Robert Puchalski, M.D.; Francine K. Moring, M.D.; Jane Does and John Does, Defendants,

Of whom South Carolina ENT, Allergy and Sleep Medicine, P.A.; Robert Puchalski, M.D.; and Francine K. Moring, M.D. are, Respondents.

Appellate Case No. 2012-213231

―――――――――

Appeal From Kershaw County
The Honorable Alison Renee Lee, Circuit Court Judge

―――――――――

Opinion No. 27427
Heard March 5, 2014 – Filed August 6, 2014

―――――――――

## REVERSED AND REMANDED

―――――――――

Daryl G. Hawkins, of Law Office of Daryl G. Hawkins, L.L.C., of Columbia, for Appellant.

William H. Davidson, II and Andrew F. Lindemann, both of Davidson & Lindemann, P.A., and William O. Sweeny, III and Benson Hall Driggers, both of Sweeny Wingate & Barrow, P.A., of Columbia, for Respondents.

―――――――――

**JUSTICE BEATTY:**  In this direct appeal, Patricia Brouwer challenges the circuit court's order dismissing her medical malpractice case for failure to file an expert witness affidavit with her Notice of Intent to File Suit ("NOI") pursuant to section 15-79-125 of the South Carolina Code.[1]  Brouwer contends she is exempt from filing an expert witness affidavit because section 15-36-100(C)(2)[2] does not require an affidavit where the alleged negligent act "lies within the ambit of common knowledge and experience."  We agree as this Court recently held that section 15-79-125(A) incorporates section 15-36-100 in its entirety, including the common-knowledge exception codified in 15-36-100(C)(2).  *Ranucci v. Crain*, Op. No. 27422 (S.C. Sup. Ct. filed July 23, 2014) (Shearouse Adv. Sh. No. 29 at 49). ("*Ranucci II*").  Additionally, we conclude that Brouwer successfully invoked this exception and, thus, was not required to file an expert witness affidavit with her NOI.  Accordingly, we reverse the decision of the circuit court and remand the case for further proceedings.

## I.       Factual / Procedural History

---

[1]   Section 15-79-125 provides, in part, as follows:

> Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, *the plaintiff shall contemporaneously file a Notice of Intent to File Suit and an affidavit of an expert witness, subject to the affidavit requirements established in Section 15-36-100*, in a county in which venue would be proper for filing or initiating the civil action.

S.C. Code Ann. § 15-79-125(A) (Supp. 2013) (emphasis added).

[2]   Section 15-36-100 states in pertinent part:

> (C)(2) The *contemporaneous filing requirement of subsection (B)* is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant.

S.C. Code Ann. § 15-36-100(C)(2) (Supp. 2013) (emphasis added).

On January 9, 2009, Brouwer was admitted to Sisters of Charity Providence Hospital ("Hospital") for a uvulopalatopharyngoplasy, a procedure used to treat sleep apnea. During the surgery, Brouwer suffered an allergic reaction that required her to be treated in the Intensive Care Unit ("ICU"). Brouwer attributed the reaction to her latex allergy that was disclosed to medical personnel on Brouwer's forms for "Pre-Anesthesia Evaluation" and "Consent to Operation, Anesthetic and Other Medical Services." Prior to surgery, the Hospital issued Brouwer a wrist band that identified the latex allergy.

On December 29, 2011, Brouwer filed an NOI and a Summons and Complaint, wherein she asserted a medical malpractice claim against the Hospital, the medical practice, the operating physician, the anesthesiologist, and other unnamed medical personnel. On January 4, 2012, Brouwer filed an Amended NOI to correct a scrivener's error as to a named defendant. Brouwer did not file an expert witness affidavit with her NOI because it was her "good faith belief" that her allergic reaction to latex "lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the Defendants." If the circuit court deemed its submission necessary, Brouwer requested additional time to procure and file an expert witness affidavit.

Respondents moved to dismiss Brouwer's NOI and Complaint pursuant to Rule 12(b)(6), SCRCP. In support of the motion, Respondents alleged Brouwer's failure to file an expert witness affidavit with her NOI violated the mandatory provisions of section 15-79-125. Brouwer opposed the motion, but conceded the Complaint was prematurely filed as the parties had not yet engaged in mediation.[3]

After a hearing, the circuit court denied Respondents' motion to dismiss Brouwer's NOI on the ground the common-knowledge exception codified in section 15-36-100(C)(2) was applicable. The court, however, dismissed the Summons and Complaint without prejudice.

Subsequently, Respondents filed a motion to alter or amend pursuant to Rule 59(e), SCRCP. In support of its motion, Respondents relied on the recently issued decision of the Court of Appeals in *Ranucci v. Crain*, 397 S.C. 168, 723 S.E.2d

---

[3] *See* S.C. Code Ann. § 15-79-125(C) (Supp. 2013) (stating, "[w]ithin ninety days and no later than one hundred twenty days from the service of the Notice of Intent to File Suit, the parties shall participate in a mediation conference unless an extension for no more than sixty days is granted by the court based upon a finding of good cause").

242 (Ct. App. 2012) ("*Ranucci I*"), wherein the court found "section 15-79-125(A) invokes only the provisions of section 15-36-100 governing the preparation and content of the affidavit." *Id.* at 176, 723 S.E.2d at 246. The court explained, "The plain language of section 15-36-100, which ties the filing of affidavits under that statute to a complaint or other initial pleading, prevents the remaining provisions from applying to affidavits filed pursuant to section 15-79-125." *Id.* at 177, 723 S.E.2d at 246. Based on this holding, Respondents asserted "the common knowledge exception found in § 15-36-100 does not apply to the requisite prelitigation procedures mandated in § 15-79-125 and cannot be used to obviate the requirement that there be an expert affidavit filed with the Notice of Intent."

Finding *Ranucci I* dispositive, the circuit court granted Respondents' motion to dismiss Brouwer's NOI. Following the denial of her Rule 59(e) motion, Brouwer appealed to the Court of Appeals. This Court certified the appeal pursuant to Rule 204(b) of the South Carolina Appellate Court Rules.

## II. Standard of Review

"On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court." *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009). "That standard requires the Court to construe the complaint in a light most favorable to the nonmovant and determine if the facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case." *Id.* (internal quotations omitted). The Court may sustain the dismissal when "the facts alleged in the complaint do not support relief under any theory of law." *Flateau v. Harrelson*, 355 S.C. 197, 202, 584 S.E.2d 413, 416 (Ct. App. 2003).

## III. Discussion

### A. Arguments

Brouwer contends the circuit court erred in granting Respondents' motion to dismiss the NOI for her failure to contemporaneously file an expert witness affidavit. In support of this contention, Brouwer disputes the propriety of *Ranucci I* on the ground the decision is inconsistent with the rules of statutory construction. Because section 15-79-125(A) clearly references section 15-36-100, Brouwer claims all of the affidavit requirements enunciated in section 15-36-100, including the common-knowledge exception in subsection (C)(2), are applicable to an NOI. Brouwer explains that to construe these statutes separately would lead to an absurd

result where the common-knowledge exception would apply to the actual filing of a medical malpractice complaint but not to the filing of an NOI. Stated another way, Brouwer claims "prelitigation [would] require[] an expert witness affidavit regardless of whether the subject matter is within the ambit of common knowledge and experience, but actual litigation [would] not require an expert witness affidavit." Brouwer argues that such a conclusion violates public policy as it makes "access to the legal system more expensive and more difficult."

Alternatively, Brouwer contends that even if the NOI did not comply with the statutory requirements, Respondents' claim regarding the insufficiency of the NOI became moot when the parties engaged in mediation as Respondents were apprised of the specifics of the underlying medical malpractice claim.[4]

**B.    Analysis**

Recently, this Court overruled the decision of the Court of Appeals in *Ranucci I*. *Ranucci v. Crain*, Op. No. 27422 (S.C. Sup. Ct. filed July 23, 2014) (Shearouse Adv. Sh. No. 29 at 49). ("*Ranucci II*"). In so ruling, we specifically held that section 15-79-125 incorporates section 15-36-100 in its entirety. Thus, the common-knowledge exception of section 15-36-100(C)(2) may operate to eliminate the need to file an expert witness affidavit with the NOI under section 15-79-125(A). Consequently, we hold the circuit court erred in finding that Brouwer could not invoke the common-knowledge exception when she filed her NOI. This decision, however, does not end our analysis as we must consider whether Brouwer's case fell within this exception.

---

[4] In her brief to this Court, Brouwer's argument on this point is conclusory and is not supported by any authority. Moreover, the circuit court did not rule on this issue. Thus, we find this issue is not preserved for the Court's review. *See First Sav. Bank v. McLean,* 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (noting when a party fails to cite authority or when the argument is simply a conclusory statement, the party is deemed to have abandoned the issue on appeal); *Eaddy v. Smurfit-Stone Container Corp.*, 355 S.C. 154, 164, 584 S.E.2d 390, 396 (Ct. App. 2003) ("[S]hort, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not preserved for our review."); *see also Wilder Corp. v. Wilke,* 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding an issue must have been raised to and ruled upon by the trial court in order to be preserved for appellate review).

To establish a cause of action for medical malpractice, the plaintiff must prove the following facts by a preponderance of the evidence:

(1) The presence of a doctor-patient relationship between the parties;

(2) Recognized and generally accepted standards, practices, and procedures which are exercised by competent physicians in the same branch of medicine under similar circumstances;

(3) The medical or health professional's negligence, deviating from generally accepted standards, practices, and procedures;

(4) Such negligence being a proximate cause of the plaintiff's injury; and

(5) An injury to the plaintiff.

27 S.C. Jur. *Med. & Health Prof'ls* § 10 (2014) (footnotes omitted); *Smith v. United States*, 119 F. Supp. 2d 561 (D.S.C. 2000). "A plaintiff in a medical malpractice case must establish by expert testimony both the standard of care and the defendant's failure to conform to the required standard, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendant's conduct." *Carver v. Med. Soc'y of S.C.*, 286 S.C. 347, 350, 334 S.E.2d 125, 127 (Ct. App. 1985); *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 248, 626 S.E.2d 1, 4 (2006). "The application of the common knowledge exception in proving negligence in a case involving medical malpractice depends on the particular facts of the case." *Hickman v. Sexton Dental Clinic, P.A.*, 295 S.C. 164, 168, 367 S.E.2d 453, 455 (Ct. App. 1988). "When expert testimony is not required, the plaintiff must offer evidence that rises above mere speculation or conjecture." *Id.*

Here, Brouwer conceded her claim involves medical malpractice, thus, her cause of action cannot be construed as one of ordinary negligence. *See Dawkins v. Union Hosp. Dist.*, 408 S.C. 171, 758 S.E.2d 501 (2014) (distinguishing between cases involving medical malpractice and ordinary negligence). Accordingly, she must either present expert witness testimony or establish that the negligent act alleged in her NOI "lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant." S.C. Code Ann. § 15-36-100(C)(2) (Supp. 2013).

We find the substance of Brouwer's allegation, i.e., that the negligent exposure of a patient to latex with a known allergy can result in an allergic reaction in that patient, is a matter within the common knowledge or experience so that no special learning is needed to evaluate Respondents' conduct at the pre-litigation stage. *Cf. Green v. Lilliewood*, 272 S.C. 186, 249 S.E.2d 910 (1978) (holding tubal ligation rendering intrauterine device and other birth control device useless constitutes a matter of common knowledge); *Thomas v. Dootson*, 377 S.C. 293, 659 S.E.2d 253 (Ct. App. 2008) (recognizing expert testimony was not required for claim arising from a surgical drill that burned skin on contact because claim would fall within the common knowledge or experience of laymen); *Hickman v. Sexton Dental Clinic, P.A.*, 295 S.C. 164, 367 S.E.2d 453 (Ct. App. 1988) (holding evidence presented was sufficient for the jury to infer without the aid of expert testimony a breach of duty to dental patient where patient testified an unsupervised dental assistant rammed a sharp object into patient's mouth).

Therefore, we hold that Brouwer did not need to file an expert witness affidavit with her NOI. *See* 70 C.J.S. *Physicians & Surgeons* § 142 (Supp. 2014) ("[I]n a common-knowledge case, whether a medical malpractice plaintiff's claim meets the threshold of merit can be determined on the face of the complaint, and because the defendant's careless acts are quite obvious, the plaintiff need not present expert testimony to establish the standard of care; in such a case, requiring an affidavit of merit is not necessary to weed out meritless lawsuits." (footnotes omitted)). Because Brouwer's NOI was sufficient to satisfy the pre-litigation requirements of section 15-79-125(A), Brouwer's lawsuit remains viable as the statute of limitations has been tolled during the pendency of this appeal. S.C. Code Ann. § 15-79-125(A) (Supp. 2013) ("Filing the Notice of Intent to File Suit tolls all applicable statutes of limitations.").

## IV.    Conclusion

Having overruled *Ranucci I*, we conclude that Brouwer was permitted to invoke the common-knowledge exception of section 15-36-100(C)(2) in her pre-litigation filings. Because the negligent act alleged by Brouwer fits within this exception, she was not required to file an expert witness affidavit with her NOI to satisfy the pre-litigation requirements of section 15-79-125(A). Accordingly, we reverse the decision of the circuit court and remand the case for further proceedings.

**REVERSED AND REMANDED.**

**KITTREDGE, HEARN, JJ., and Acting Justice James E. Moore, concur. PLEICONES, J., dissenting in a separate opinion.**

**JUSTICE PLEICONES:**  For the reasons given in my dissent in *Ranucci v. Crain*, Op. No. 27422 (S.C. Sup. Ct. filed July 23, 2014), I respectfully dissent and would affirm the circuit court's dismissal of appellant's Notice of Intent to File Suit.