BANK OF NORTH CAROLINA, as Successor in Interest to Beach First National Bank, Plaintiff,

v.

Donna M. BOUSCAREN, Individually; Donna M. Bouscaren, Trustee of the Donna M. Bouscaren Living Trust, March 15, 1993; Paul Gregory Bouscaren; Marie–Lise Bouscaren; Mark Christopher Bouscaren; Park Lane Hotel and Condominiums Association, Inc. f/k/a VHH Park Lane Owners Association, Inc.; VHH Park Lane HPR; Triton Sales Group 323, LLC; Hilton Head Anytime, LLC; and Triton Hospitality 323 LLC, Defendants.

Donna M. Bouscaren, Individually; Donna M. Bouscaren, Trustee of the Donna M. Bouscaren Living Trust, March 15, 1993; Paul Gregory Bouscaren; Marie–Lise Bouscaren; and Mark Christopher Bouscaren, Third–Party Plaintiffs,

v.

David M. Kindle; Coastal Property Appraisals, Inc.; and Federal Deposit Insurance Corporation, as Receiver of Beach First National Bank, Myrtle Beach, Third–Party Defendants.

No. 9:12–CV–02767–PMD.

United States District Court,
D. South Carolina,
Beaufort Division.

Signed Dec. 9, 2014.

William A. Scott, Pedersen and Scott, Ellis Reed–Hill Lesemann, Lesemann and Barks LLC, Charleston, SC, for Defendants.

William A. Scott, Pedersen and Scott, Charleston, SC, for Third–Party Plaintiffs.

Larry D. Cohen, Larry D. Cohen Law Office, Charleston, SC, for Third–Party Defendants.

## *ORDER*

PATRICK MICHAEL DUFFY, District Judge.

This matter is before the Court on Third–Party Defendants David M. Kindle and Coastal Property Appraisals, Inc.'s (collectively "the Moving Defendants") Motion for Summary Judgment ("Motion") pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 47). For the reasons set forth herein, the Moving Defendants' Motion for Summary Judgment is granted.

## *BACKGROUND*

This case initially arose out of a foreclosure action brought by Bank of North Carolina ("BKNC"), as Successor in Interest to Beach First National Bank ("Beach First"), against Donna M. Bouscaren, *et alia.*

On June 5, 2007, Third–Party Plaintiff Donna M. Bouscaren ("Bouscaren") applied for a loan from Beach First with the intention of purchasing a condominium on Hilton Head Island, South Carolina. Prior to the execution of the loan application, Beach First selected a real estate appraisal company, Coastal Property Appraisals, Inc. ("Coastal"), to evaluate the property. The appraisal was conducted by David M. Kindle ("Kindle"), an employee of Coastal. In exchange for the loan, Bouscaren executed and delivered to Beach First a promissory note in the amount of $215,000.00. In order to secure payment of the note, Bouscaren, acting in her capacity as Trustee for the Donna M. Bouscaren Living Trust, dated March 15, 1993 ("Living Trust"), executed and delivered to Beach First a mortgage and a guaranty, both dated June 5, 2007.

On April 9, 2010, the Federal Deposit Insurance Corporation ("FDIC") was appointed receiver for Beach First. Also on April 9, 2010, FDIC entered into a Purchase and Assumption Agreement with BKNC, whereby BKNC became the successor in interest to Beach First and became the owner and holder of the note and mortgage that are the subject of the underlying foreclosure action. On June 10, 2010, BKNC granted Bouscaren's request for a loan modification, which reduced the interest rate and therefore the monthly principal and interest payment on the initial note. On December 2, 2011, BKNC filed suit in state court against Bouscaren, both in her individual capacity and as Trustee for the Living Trust. The Complaint alleged that Bouscaren failed to fulfill her contractual obligations to make payments on the debt.[1]

On January 31, 2012, the Bouscarens filed an Answer, Counterclaim, and Third–Party Complaint ("Original Answer and Third–Party Complaint"), counterclaiming against BKNC and asserting a third-party claim for negligence against Kindle and Coastal. In their Original Answer and Third–Party Complaint, the Bouscarens alleged that Beach First was negligent in

---

1.  BKNC also included as Defendants Donna M. Bouscaren, as Trustee for the Donna M. Bouscaren Living Trust, dated March 15, 1993; Paul Gregory Bouscaren; Marie–Lise Bouscaren; and Mark Christopher Bouscaren (collectively, "the Bouscarens"); by virtue of their status as successor trustees and beneficiaries of the trust, as well as Park Lane Hotel and Condominiums Association, Inc. f/k/a VHH Park Lane Owners Association, Inc.; VHH Park Lane HPR; Triton Sales Group 323, LLC; Hilton Head Anytime, LLC; and Triton Hospitality 323 LLC. The foreclosure action was remanded to the Beaufort County Court of Common Pleas on October 30, 2014.

selecting Coastal, and its employee Kindle, to conduct the appraisal and that BKNC, as successor in interest to Beach First, is liable to the Bouscarens for Beach First's acts or omissions. The Bouscarens also allege in the Original Answer and Third–Party Complaint that Kindle was negligent in his appraisal of the property and that both he and his employer, Coastal Property Appraisals, Inc., caused the Bouscarens to incur "damages and indebtedness beyond the actual value of the real property" due to their overvaluing of the property. (Bouscarens' Answer, Countercl., & Third–Party Compl. 12, ECF No. 1–2.) On June 7, 2012, the Bouscarens filed their Amended Answer and Third–Party Complaint, omitting the counterclaims against BKNC and substituting FDIC, as receiver for Beach First, as a third-party defendant. (Bouscarens' Am. Answer & Third–Party Compl., ECF No. 1–2.) In their Amended Answer and Third–Party Complaint, the Bouscarens allege a number of causes of action against FDIC as receiver for Beach First, including negligence, negligent misrepresentation, fraud in the inducement, rescission due to unilateral mistake, unfair trade practices, and civil conspiracy. All of the Bouscarens' causes of action against FDIC stem from the acts of Beach First in selecting the appraiser and in making the loan.

On September 24, 2012, FDIC removed this action on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A) and (B). On November 5, 2012, FDIC and the Bouscarens filed a Joint Motion to Stay Proceedings in order to permit the Bouscarens to file an administrative claim against FDIC

pursuant to 12 U.S.C. § 1821(d)(3) through (d)(13). On November 8, 2012, this Court entered an Order granting the Joint Motion to Stay, which stayed the proceeding until the earlier of sixty (60) days after (i) a decision by FDIC on the Bouscarens' administrative claim, or (ii) sixty (60) days after the expiration of the 180–day statutory period in which FDIC may determine such claim. This case was reassigned to the undersigned United States District Judge on January 8, 2013.

This Court issued an Order lifting the stay on August 20, 2013. On June 11, 2014, BKNC filed an Amended Complaint. The Bouscarens filed their Answer to the Amended Complaint and Third–Party Complaint ("Third–Party Complaint") against Kindle, Coastal, and FDIC on June 25, 2014.[2] (Ans. to Am. Compl. & Third–Party Compl., ECF No. 39.) FDIC filed a Motion to Dismiss on July 29, 2014, alleging that this Court lacked subject matter jurisdiction over the Bouscarens' third-party claims against FDIC because the Bouscarens (1) failed to timely file their administrative claims prior to the bar date; (2) filed suit against FDIC prior to filing any such administrative claims, as required by the Financial Institutions Reform, Recovery, and Enforcement Act of 1989; and (3) failed to show that FDIC is or may be liable to them for all or part of BKNC's claims against them. The Court issued an Order granting in part and denying in part FDIC's Motion to Dismiss on November 13, 2014.[3]

On August 18, 2014, the Moving Defendants filed the instant Motion for Summary Judgment. On September 19, 2014, the Bouscarens filed a Response, and the

---

2. The Bouscarens asserted the same causes of action in their Answer to the Amended Complaint and Third–Party Complaint as they had in the Amended Answer and Third–Party Complaint.

3. The Court granted FDIC's Motion to Dismiss with respect to all Bouscaren Defendants except for Donna M. Bouscaren, in her individual capacity.

Moving Defendants filed their Reply on September 24, 2014. The Motion is ripe for consideration.

## *JURISDICTION*

The Court has jurisdiction over Bouscaren's claims against FDIC pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1819(b)(2)(A) and (B). Section 1819(b)(2)(A) provides that "all suits of a civil nature at common law or in equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." Because Bouscaren's claims against Coastal and Kindle are substantially related to her original claims, the Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

## *STANDARD OF REVIEW*

To grant a motion for summary judgment, the court must find that "there is no genuine dispute as to any material fact." Fed.R.Civ.P. 56(a). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 124 (4th Cir.1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir.1991). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual basis." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

## *DISCUSSION*

Coastal and Kindle move for summary judgment on Bouscaren's claim for negligence contained in the Third–Party Complaint. The Moving Defendants provide several grounds for the Motion, including Bouscaren's failure to: (1) name an expert witness or provide expert testimony in support of her claim; (2) demonstrate how the use of the "income approach" in the appraisal would have been feasible; (3) demonstrate that the comparable sales used in the appraisal were deficient; and (4) file her claim within the applicable statute of limitations. For the reasons set forth herein, the Court grants the Moving Defendants' Motion.

The Moving Defendants' second and third grounds for summary judgment relate directly to their first ground, and as such, the Court will consider them together. Because the Court finds that Bouscaren's claims require the support of expert testimony, which she lacks, the Court does not reach the Moving Defendants' argument that Bouscaren's claim is barred by the statute of limitations.

Bouscaren's sole cause of action against the Moving Defendants is negligence. Specifically, the Third–Party Complaint alleges that the Moving Defendants owed Bouscaren a duty of care in appraising her condominium, and that Kindle breached his duty of care by "providing incorrect information related to comparable properties and sales and in not utilizing the income approach in appraising the property" and in "violating S.C.Code Ann. §§ 40–60–140(8), (9), and (22), the USPAP Ethics Rule, and USPAP Standards 1–1(c), 1–5(b) and 2–2(b)(viii)." (Ans. to Am. Compl. & Third–Party Compl. ¶¶ 80–81, ECF No. 39.) Bouscaren also alleges that Kindle was an employee of Coastal and therefore Coastal is liable under the doctrine of respondeat superior. (*Id.* ¶¶ 83–86.) The

Moving Defendants construe the negligence claim as one of professional negligence. (Third–Party Defs.' Mot. for Summ. J. 3, ECF No. 47.) Bouscaren does not dispute this characterization of her claim. (Third–Party Pl.'s Resp. 6, ECF. No. 55.)

Because this Court has supplemental jurisdiction over Bouscaren's claim against the Moving Defendants, it looks to the law of South Carolina to determine the elements of professional negligence. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If the South Carolina Supreme Court has not addressed a particular legal issue raised in this case, this Court must predict how that court would rule if presented with the issue. *Twin City Fire Ins. Co. v. Ben Arnold–Sunbelt Beverage Co. of S.C.,* 433 F.3d 365, 369 (4th Cir.2005). In making that prediction, the Court will "consider lower court opinions in South Carolina, the teachings of treatises, and the practices of other states." *Id.* (internal quotation marks omitted).

■■■ In order to establish a claim for negligence under South Carolina law, a plaintiff must prove the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by negligent act or omission; and (3) damage proximately caused by the breach. *Doe v. Batson,* 345 S.C. 316, 548 S.E.2d 854, 857 (2001). A plaintiff in a professional malpractice action is required to provide expert testimony to establish defendant's standard of care. *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.,* 351 S.C. 459, 570 S.E.2d 197, 203 (S.C.Ct.App.2002). However, expert testimony is not required where the "subject matter is of common knowledge or experience so that no special training is required to evaluate defendant's conduct." *Id.*

■ The Moving Defendants assert that Bouscaren cannot establish that Coastal or Kindle used inappropriate comparable sales or an improper valuation of the appraisal without expert testimony. Bouscaren responds that the common knowledge exception applies, and therefore no expert testimony is required to establish that the Moving Defendants negligently appraised the condominium. Bouscaren has failed to timely present expert affidavits or other sworn pleadings in support of its response to the Moving Defendants' Motion. Bouscaren has also failed to move, pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, for additional time to supply affidavits. Consequently, there is no expert witness testimony, which is required to support Bouscaren's claim. Therefore, Bouscaren's claim for professional negligence as to Kindle and Coastal will fail, unless it falls within the common knowledge exception.

The issue of whether a claim against a real estate appraiser for professional negligence is the type that may fall within the common knowledge exception is an issue of first impression in South Carolina and the Fourth Circuit. However, the United States District Court for the District of Delaware, applying Delaware state law, has previously held that expert testimony was required to prove a claim for professional negligence against a real estate appraiser. *Brown v. Interbay Funding, LLC,* 417 F.Supp.2d 573, 579–80 (D.Del. 2006) *aff'd,* 198 Fed.Appx. 223 (3d Cir. 2006). In *Brown,* mortgage applicants Robert and Shirley Brown brought suit against a lender and an appraiser claiming that the defendant appraiser's negligence led to their failure to receive a mortgage loan. *Id.* at 575–76. In support of their claim, the Browns alleged that the appraiser violated professional ethics rules and standards such as those set out in the

USPAP. *Id.* at 578. Citing cases from the Delaware appellate and supreme courts, the district court found that Delaware law required expert testimony to establish professional negligence, absent a common knowledge exception. *Id.* at 579. Specifically, the court held that, absent expert testimony, plaintiffs could not establish the duty of care owed or the alleged violations of professional standards, and therefore the court granted defendants' motion for partial summary judgment. *Id.*

In support of her claim that the common knowledge exception applies, Bouscaren cites the case of *Brouwer v. Sisters of Charity Providence Hospitals,* 409 S.C. 514, 763 S.E.2d 200 (2014). In *Brouwer,* the supreme court held that exposure of a patient to latex when the patient had a known latex allergy was a negligent act falling into the common knowledge exception, and therefore no expert witness affidavit needed to accompany plaintiff's Notice of Intent to File Suit. *Id.* at 522, 763 S.E.2d 200. The court in *Brouwer* cited several other cases in which South Carolina courts had previously held that the common knowledge exception applied. *Id.* (citing *Green v. Lilliewood,* 272 S.C. 186, 249 S.E.2d 910 (1978) (holding that common knowledge exception applied to the question of whether a doctor's performance of a tubal ligation rendered an intrauterine device useless); *Thomas v. Dootson,* 377 S.C. 293, 659 S.E.2d 253 (S.C.Ct. App.2008) (recognizing expert testimony was not required for claim arising from a surgical drill that burned skin on contact because claim would fall within the common knowledge or experience of laymen); *Hickman v. Sexton Dental Clinic, P.A.,* 295 S.C. 164, 367 S.E.2d 453 (S.C.Ct.App. 1988) (holding evidence presented was sufficient for the jury to infer without the aid of expert testimony a breach of duty to dental patient where patient testified an unsupervised dental assistant rammed a sharp object into patient's mouth)).

Factually, these cases are distinguishable from Bouscaren's claim. Bouscaren alleges that the Moving Defendants negligently appraised the property in question by failing to use the "income approach," which Bouscaren claims is the appropriate method for investment property. The Third–Party Complaint alleges that, as a result of their failure to use the income approach, the Moving Defendants violated several statutes, standards, and professional ethics rules. As additional support of her negligence claim, Bouscaren's Response classifies her property as a "condotel" and offered a series of Internet discussion forums as proof that the income approach, as opposed to the method of valuing a traditional condominium, was the appropriate valuation standard for condotels. The Court finds the reasoning of the Delaware district court applicable to this case. Bouscaren's Third–Party Complaint alleges that the Moving Defendants breached professional standards and practices unique to the real estate profession. Such standards and practices are not self-evident and additional information is required to evaluate the Moving Defendants' conduct. Additionally, Bouscaren's claims raise questions which are quite different than those cases in which South Carolina courts have held that the common knowledge exception applies. Therefore, the common knowledge exception is inapplicable to this case and expert testimony is required to establish her claims. Bouscaren has failed to supply such testimony, and has also failed to ask this Court for additional time to procure affidavits in support of her claim.

### CONCLUSION

Therefore, for the foregoing reasons, it is **ORDERED** that the Moving Defen-

dants' Motion for Summary Judgment is **GRANTED.**

**AND IT IS SO ORDERED.**