**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Frances Brown as Personal Representative of the Estate of Alice Queen Ester Wallace, Appellant,

v.

Carolinas Hospital System and Regency Hospital/Hospice of Florence, Respondents.

Appellate Case No. 2016-000784

———————

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-066
Submitted January 1, 2018 – Filed February 7, 2018

———————

**AFFIRMED**

———————

Johnny Elliot Watson, Sr., of Columbia, for Appellant.

Weldon R. Johnson, Matthew G. Gerrald, and Emily Collins Brown, all of Barnes Alford Stork & Johnson, LLP, of Columbia, for Respondents.

———————

**PER CURIAM:** Frances Brown appeals the trial court's order granting a motion by Carolinas Hospital System (Carolinas) to dismiss (1) Brown's wrongful death notice of intent to file suit and survival notice of intent to file suit (the notices of

intent) and (2) Brown's complaints in a wrongful death action and a survival action (the complaints). Brown argues the trial court erred in holding (1) she did not comply with section 15-79-125 of the South Carolina Code (Supp. 2017) and (2) she did not properly serve Carolinas with the notices of intent and complaints. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to issue 1: *Rydde v. Morris*, 381 S.C. 643, 646, 675 S.E.2d 431, 433 (2009) ("On appeal from the dismissal of a case pursuant to Rule 12(b)(6), an appellate court applies the same standard of review as the trial court. That standard requires the [c]ourt to construe the complaint in a light most favorable to the nonmovant and determine if the 'facts alleged and the inferences reasonably deducible from the pleadings would entitle the plaintiff to relief on any theory of the case.'" (citation omitted) (quoting *Williams v. Condon*, 347 S.C. 227, 233, 533 S.E.2d 496, 499 (Ct. App. 2001))); *Ranucci v. Crain*, 409 S.C. 493, 497, 763 S.E.2d 189, 191 (2014) ("[S]ection 15[-]79[-]125(A) incorporates section 15[-]36[-]100 in its entirety."); S.C. Code Ann. § 15-79-125(A) (Supp. 2017) ("Prior to filing or initiating a civil action alleging injury or death as a result of medical malpractice, the plaintiff shall contemporaneously file a [n]otice of [i]ntent to [f]ile [s]uit and an affidavit of an expert witness, subject to the affidavit requirements established in [s]ection 15-36-100 . . . ."); S.C. Code Ann. § 15-36-100(C)(1) (Supp. 2017) ("The contemporaneous filing requirement . . . does not apply to any case in which the period of limitation will expire, or there is a good faith basis to believe it will expire on a claim stated in the complaint, within ten days of the date of filing and, because of the time constraints, the plaintiff alleges that an affidavit of an expert could not be prepared. In such a case, the plaintiff has forty-five days after the filing of the complaint to supplement the pleadings with the affidavit."); S.C. Code Ann. § 15-36-100(C)(2) (Supp. 2017) ("The contemporaneous filing requirement . . . is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant."); S.C. Code Ann. § 15-36-100(F) (Supp. 2017) ("If a plaintiff fails to file an affidavit as required by this section, and the defendant raises the failure to file an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, the complaint is not subject to renewal after the expiration of the applicable period of limitation . . . ."); *Sexton Dental Clinic, P.A.*, 295 S.C. 164, 168, 367 S.E.2d 453, 455 (Ct. App. 1988) ("The application of the common knowledge exception in proving negligence in a case involving medical malpractice depends on the particular facts of the case. When expert testimony is not required, the plaintiff must offer evidence that rises above mere speculation or conjecture.").

2.  As to issue 2: Rule 4(d), (d)(3), SCRCP ("Service shall be made . . . [u]pon a corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."); *Hamilton v. Davis*, 300 S.C. 411, 414, 389 S.E.2d 297, 298 (Ct. App. 1990) ("[A]ctual appointment for the specific purpose of receiving process normally is expected and the mere fact a person may be considered to act as defendant's agent for some purpose does not necessarily mean that the person has authority to receive process."); *Moore v. Simpson*, 322 S.C. 518, 523, 473 S.E.2d 64, 67 (Ct. App. 1996) ("Claims by one to possess authority to receive process or actual acceptance of process by an alleged agent will not necessarily bind the defendant.  Rather, there must be evidence the defendant intended to confer such authority.").

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.