**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Thomas Jackson and Christopher Mitchell, Appellants,

v.

Joe Henry, Esq., Law Firm of Joe Henry, Respondents.

Appellate Case No. 2016-001064

———————

Appeal From Richland County
Tanya A. Gee, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-312
Submitted June 1, 2018 – Filed July 11, 2018

———————

**REVERSED AND REMANDED**

———————

John Charles Ormond, Jr., of Ormond/Dunn, of Columbia, for Appellants.

Joseph Henry, of Joseph Henry, PC, of Columbia, for Respondents.

———————

**PER CURIAM:** Thomas Jackson and Christopher Mitchell (Appellants) appeal the circuit court's order dismissing their legal professional negligence case against Joe Henry, Esq. and Law Firm of Joe Henry (Respondents) for failure to file an expert witness affidavit pursuant to section 15-36-100 of the South Carolina Code (Supp. 2017). We reverse and remand.

1. We agree with Appellants an expert witness affidavit was not required to support their complaint for professional negligence. *See* S.C. Code Ann. § 15-36-100(B) (Supp. 2017) ("[I]n an action for damages alleging professional negligence against a professional . . . , the plaintiff must file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim . . . ."); S.C. Code Ann. § 15-36-100(C)(2) (Supp. 2017) (providing an expert affidavit "is not required to support a pleaded specification of negligence involving subject matter that lies within the ambit of common knowledge and experience, so that no special learning is needed to evaluate the conduct of the defendant"); *Brouwer v. Sisters of Charity Providence Hosps.*, 409 S.C. 514, 522, 763 S.E.2d 200, 204 (2014) (finding in a medical professional negligence claim an allegation that "the negligent exposure of a patient to latex with a known allergy can result in an allergic reaction in that patient, is a matter within the common knowledge or experience so that no special learning is needed to evaluate Respondents' conduct at the pre-litigation stage"); *Mali v. Odom*, 295 S.C. 78, 80, 367 S.E.2d 166, 168 (Ct. App. 1988) (noting the expert testimony requirements governing legal malpractice actions are the same as those used for other professionals such as doctors and dentists); *Holmes v. Haynsworth, Sinkler & Boyd, P.A.*, 408 S.C. 620, 637 n.13, 760 S.E.2d 399, 408 n.13 (2014), *abrogated on other grounds by Stokes-Craven Holding Corp. v. Robinson*, 416 S.C. 517, 787 S.E.2d 485 (2016) ("Under the common knowledge exception, expert testimony is not required where the common knowledge or experience of laymen is extensive enough to recognize or infer negligence on the part of the professional and to determine the presence of the required causal link between the professional's performance and the alleged malpractice."); *Wagenmann v. Adams*, 829 F.2d 196, 219 (1st Cir. 1987) ("Courts in other jurisdictions have . . . dispensed with any expert testimony requirement in egregious cases, especially those in which an attorney fails to act once he has undertaken to represent a client."); *Allyn v. McDonald*, 910 P.2d 263, 266 (Nev. 1996) (explaining when "the applicable statute of limitations was clear and unambiguous" and "the accrual date of the claim was also not subject to question or interpretation," the issue of "whether the attorney was negligent in failing to file the claim before the statute of limitations expired . . . was within the ordinary knowledge and experience of a layman"); *id.* (cautioning "if the applicability of the statute at issue was uncertain, if significant questions regarding the accrual date of the claim existed, or if issues regarding tolling of the statute existed, the case might extend beyond the realm of ordinary experience and knowledge of the layman, thus requiring an expert witness to establish the attorney's breach of the duty of care"); *Yager v. Clauson*, 101 A.3d 6, 10 (N.H. 2014) ("[W]hether expert testimony is

required to prove legal malpractice premised on a failure to file a claim within the statute of limitations depends upon the specific facts of the case and whether they are 'within the realm of common knowledge' or 'beyond the ken of the average layperson.'" (quoting *Estate of Sicotte*, 959 A.2d 236, 239 (N.H. 2008))).

Here, pursuant to Rule 40(j) of the South Carolina Rules of Civil Procedure and the Agreement Striking [the] Case from [the] Docket, Respondents had to restore the case to the docket within one year of the agreement or Appellants' action would be dismissed. The date upon which Respondents had to act was clear and unambiguous. Like an undisputed statute of limitations, this date was not subject to question or interpretation. Considering only the allegations in the complaint, we do not believe Respondents needed to use professional judgment or special learning to know they were required to act to preserve Clients' rights. Clients' allegations in the complaint did not need to be supported by an expert affidavit as Respondents' negligence in failing to meet a known deadline is matter of common knowledge and experience. Accordingly, we hold the trial court erred in dismissing Appellants' action for professional negligence.

2. As the above issue is dispositive, we do not need to address Appellants' remaining issue. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**REVERSED AND REMANDED.**[1]

**HUFF, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.