**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Phillip Durrett, Appellant,

v.

Palmetto Health Alliance d/b/a Palmetto Richland Memorial and W. Ross, M.D., Respondents.

Appellate Case No. 2016-000429

———————

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-322
Submitted June 1, 2018 – Filed July 11, 2018

———————

**AFFIRMED**

———————

Melvin Dean Bannister, of Columbia, for Appellant.

Robert Gerald Chambers, Jr., and Carmelo Barone Sammataro, both of Turner Padget Graham & Laney, PA, of Columbia, for Respondents.

———————

**PER CURIAM:**  Phillip Durrett appeals the circuit court's order granting Palmetto Health Alliance d/b/a Palmetto Richland Memorial (Palmetto) summary judgment because Durrett failed to provide any competent evidence showing a genuine issue

of material fact existed as to his medical malpractice claim.  On appeal, Durrett argues the circuit court erred by granting Palmetto summary judgment because the subject matter of his medical malpractice claim was common knowledge and required no expert testimony to help the jury evaluate Palmetto's conduct.  We affirm.

## STANDARD OF REVIEW

"When reviewing an order granting summary judgment, the appellate court applies the same standard as the trial court."  *David v. McLeod Reg'l Med. Ctr.*, 367 S.C. 242, 247, 626 S.E.2d 1, 3 (2006).  "Summary judgment is appropriate when there is no genuine issue of material fact such that the moving party must prevail as a matter of law."  *Id.*  "In determining whether any triable issues of fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party."  *Id.*

## SUMMARY JUDGMENT

Durrett argues Palmetto acted negligently and caused him to suffer cardiac arrest, experience respiratory arrest, and enter a coma for approximately nine days by failing to monitor him before administering drugs to him; giving him succinylcholine, which may cause complications including cardiac arrest; giving him Norcuron, which should not be administered until succinylcholine wears off; giving him more than the usual dosage of Midazolam Versed; failing to inform him of the risk of cardiac arrest; overdosing him; providing drugs by "ramm[ing] a sharp object (needle) into [him]"; and giving him sedative and anesthetic drugs after being informed he was allergic to them.  Durrett contends it is clear that expert testimony was not required to determine whether medical malpractice occurred in this case because "[a]n individual with common knowledge and experience is aware that medications have possible side effects."  We disagree.

We find the circuit court did not err by granting Palmetto's motion for summary judgment because Durrett's case involved complex medical issues not within the common knowledge of a layperson, and he failed to provide expert testimony.  *See Melton v. Medtronic, Inc.*, 389 S.C. 641, 655, 698 S.E.2d 886, 893 (Ct. App. 2010) ("Medical malpractice lawsuits have specific requirements that must be satisfied in order for a genuine issue of material fact to exist."); *David*, 367 S.C. at 248, 626 S.E.2d at 4 ("The plaintiff must provide expert testimony to establish both the required standard of care and the defendants' failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge so that no special learning is required to evaluate the conduct of the defendants."); *Welch v.*

*Whitaker*, 282 S.C. 251, 258, 317 S.E.2d 758, 763 (Ct. App. 1984) ("A plaintiff in a medical malpractice case must prove proximate cause as well as negligence and proof of proximate cause must be established by expert testimony . . . ." (citation omitted)).

Here, Durrett alleged Palmetto acted negligently by administering sedative and anesthetic drugs to him after he told Palmetto not to do so because he was allergic to such drugs.  Durrett also claimed Palmetto acted negligently by failing to monitor him before and after administering these drugs and for giving him more of the drugs.  Although South Carolina case law has established the dangers of exposing a patient to a known allergen is within the common knowledge of a layperson, we find this is not the case here.  *See Brouwer v. Sisters of Charity Providence Hosps.*, 409 S.C. 514, 522, 763 S.E.2d 200, 204 (2014) (finding the negligent exposure to latex of a patient with a known latex allergy was a matter within the common knowledge); *Melton*, 389 S.C. at 663, 698 S.E.2d at 898 ("The application of the common knowledge exception in proving negligence in a case involving medical malpractice depends on the particular facts of the case.").

In the instant case, it is unclear whether Durrett told medical personnel at Palmetto he was allergic to morphine and codeine; however, he admitted the hospital did not administer morphine or codeine to him.  Furthermore, Palmetto stated it knew Durrett's allergies and did not administer morphine or codeine to him.  Dr. Clodfelter, Palmetto's expert witness and the only expert in this case, stated the sedatives given to Durrett did not cause his cardiac arrest and were necessary to perform a rapid trauma assessment on the uncooperative Durrett.  Dr. Clodfelter further asserted the amphetamines in Durrett's system and Durrett's drop in blood pressure combined to cause Durrett's cardiac arrest.  Dr. Clodfelter also stated the illegal methamphetamine in Durrett's system could have negatively interacted with any medication administered to Durrett.  We find knowledge about how methamphetamine interacts with medications and a drop in blood pressure goes beyond the realm of common knowledge.  We also find in-depth knowledge of several medications, including their side effects, dosage amounts, and how they should be administered, goes beyond the common knowledge of a layperson.  Finally, we find whether a patient's allergy to morphine and codeine precludes the administration of other anesthetics and sedatives to the patient is not lay knowledge.  Thus, the subject matter of Durrett's case required expert testimony to establish the standard of care, Palmetto's alleged deviation from the standard of care, and causation.

Accordingly, we affirm the circuit court's order granting summary judgment to Palmetto.[1]

**AFFIRMED.**[2]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] Because we affirm the grant of summary judgment, we do not address whether Durrett's notice of intent and complaint should have been dismissed for failure to timely file an expert affidavit. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.